**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF NEW YORK**

**Alicia Maria Marsh,**

**Plaintiff,**



v.

**NATIONAL CREDIT SYSTEMS, INC.,**

**Defendant.**

CV26-700



Civil Action No. _____

GONZALEZ, J.

**COMPLAINT**

ESHKENAZI, M.J.

(Jury Trial Demanded)

Plaintiff Alicia Maria Marsh ("Plaintiff"), by way of this Complaint, alleges the following against Defendant National Credit Systems, Inc. ("NCS" or "Defendant"):

**I. JURISDICTION AND VENUE**


REC'D IN PRO SE OFFICE
FEB 6 '26 PM8:00

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: *Alicia Maria Marsh*
Street Address: *P. O. Box 1437*
City and County: *Long Is City, Queens*
State and Zip Code: *New York, NY 11101*
Telephone Number: *212-658-0304*
E-mail Address: *alicia.marsh1@yahoo.com*

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Defendant No. 1

*alternate*

Name: *Nation Credit Systems, Inc*
Job or Title (if known):
Street Address: *3750 Naturally Fresh Blvd.*
City and County: *Atlanta, Georgia Cobb*
State and Zip Code: *30349 - 2964*
Telephone Number: *404-629-2728*
E-mail Address (if known): *legal@nationalcreditsystems.com*

Defendant No. 2

*MAIN*

Name: *National Credit Systems, Inc.*
Job or Title (if known): *Registered Agent/Principle*
Street Address: *2719 Canton Rd. ste 200*
City and County: *Marietta, Georgia 30066*
*Cobb County*

2

1. This action arises under the *Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.* *("FDCPA"), and the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").*

2. This Court has subject matter jurisdiction pursuant to *28 U.S.C. § 1331.*

3. Venue is proper in this District pursuant to *28 U.S.C. § 1391(b)* because Plaintiff resides in this District and the unlawful credit reporting and collection activity caused harm in this District.

## II. PARTIES

4. Plaintiff Alicia Maria Marsh is a natural person and consumer residing in Queens County, New York.

5. Defendant **National Credit Systems, Inc.** is a debt collection agency that regularly engages in the collection of alleged consumer debts and furnishes information to consumer reporting agencies, including Equifax and Transunion.

## II. FACTUAL ALLEGATIONS & BACKGROUND

**6. Assignment, Collection, and Reporting Timeline**

**Abusive and Harassing Conduct — *FDCPA § 1692d***

On August 26, 2025, at approximately 10:49 a.m., Plaintiff spoke by telephone (*See Exhibit I*) with **Vincent** (last name unknown), an employee or agent of Defendant National Credit Systems, Inc. ("NCS"), who at all relevant times acted within the scope of his employment and agency. During this call, Vincent spoke in a hostile, condescending, and intimidating manner, raised his voice, and discouraged Plaintiff from exercising her statutory rights while Plaintiff attempted to address the disputed nature of the alleged debt. The natural consequence of this conduct was to

harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, in violation of *15 U.S.C. § 1692d.*

7. During the same August 26, 2025 call, **Vincent (last name unknown)** admitted that NCS had reported the alleged debt to consumer reporting agencies despite Plaintiff's denial of the debt and without first providing validation. **Vincent (last name unknown)** further acknowledged that NCS continued collection and reporting activity without possessing a verified contract, lawful assignment, or admissible documentation establishing Plaintiff's liability. By misrepresenting its authority to collect and furnish information and continuing collection activity despite the absence of validation, Defendant engaged in false, deceptive, and unfair practices in violation of *15 U.S.C. § 1692e and 1692f,* and failed to conduct a reasonable investigation as required by *15 U.S.C. § 1681s-2(b).*

8. As a result of this call, Plaintiff sent a certified written dispute demanding validation and citing specific *FDCPA* and *FCRA* violations (*See Exhibit C*). Despite receiving Plaintiff's written notices disputing the debt and advising of continued unlawful collection and reporting, Defendant sent a collection letter dated October 15, 2025 (*See Exhibit A*), signed by **Candace Crump,** an employee or agent of NCS acting within the scope of her employment, which failed to provide validation and ignored Plaintiff's prior dispute. Although Defendant returned the certified green card, it did not provide validation and continued collection activity.

9. Plaintiff thereafter sent additional certified correspondence (*See Exhibit E*) citing *FDCPA* and *FCRA* violations and notifying Defendant of her intent to escalate complaints to regulatory authorities. On October 23, 2025, Plaintiff sent another certified written dispute demanding

validation pursuant to *15 U.S.C. § 1692g(b)*, which Defendant received as confirmed by USPS tracking and affidavit of mailing.

10. The alleged debt was assigned on April 9, 2025, first reported to Equifax on August 24, 2025, and re-reported on January 25, 2026, while the account remained marked "consumer disputes this account" and the balance remained unchanged at $68,987, resulting in a significant decrease in Plaintiff's credit score. *(See Exhibit G and H.)*

**11. Plaintiff's Written Disputes and Lack of Validation**

Plaintiff disputed the alleged debt in writing on August 26, 2025 (certified mail), August 29, 2025 (email) (See Exhibit D), and October 23, 2025 (certified mail), pursuant to *15 U.S.C. § 1692g(b)*. Defendant never provided debt validation, including any lease, contract, judgment, or proof of lawful assignment, despite Plaintiff's timely disputes and demands. *(See Exhibits B and E.)*

**12. Continued Collection and Furnishing After Notice**

Despite receiving Plaintiff's written disputes and certified notices, Defendant continued furnishing data to consumer reporting agencies, continued reporting the same $68,987 balance, acknowledged the dispute status, and relied solely on internal electronic account data rather than reviewing underlying source documents.

**13. Continued Collection After Dispute (FDCPA Violations)**

Defendant's continued collection activity included the use of adverse credit reporting as a means of pressure, notwithstanding Plaintiff's written disputes and Defendant's lack of validation or lawful authority.

14. Despite receipt of Plaintiff's disputes, Defendant continued collection activity by issuing additional correspondence, engaging in hostile and abusive telephone communications through its agents **Candace Crump** and **Vincent(last name unknown)**, and using adverse credit reporting as collection leverage, conduct the natural consequence of which was to harass, oppress, and abuse Plaintiff in violation of *15 U.S.C. § 1692d.*

15. In its October 15, 2025 collection *(See Exhibit A)* letter authored by **Candace Crump**, Defendant falsely and deceptively represented the character, legal status, and enforceability of the alleged debt by threatening continued collection activity, adverse credit reporting, and potential legal action, including involuntary collection remedies, despite the debt remaining disputed and Defendant's failure to provide validation, in violation of *15 U.S.C. § 1692e, 1692e(5), and 1692f.* Defendant further failed to cease collection activity as required by *15 U.S.C. § 1692g(b).*

### 16. Credit Reporting and Re-Reporting (FCRA Violations)

Defendant furnished information concerning the alleged debt to Equifax and TransUnion. Equifax records reflect that the alleged debt was assigned on April 9, 2025, first reported on August 24, 2025, and re-reported on January 25, 2026, while the account remained marked as disputed and the reported balance **remained unchanged at $68,987.** *(See Exhibits G and H.)*

After receiving notice of Plaintiff's disputes, Defendant failed to conduct a reasonable investigation, including failing to review or obtain any underlying contract, lease, judgment, or proof of lawful assignment, and instead relied on internal electronic account data to verify the disputed information.

Defendant's January 25, 2026 re-reporting constituted an **affirmative, post-dispute furnishing decision** made after notice of Plaintiff's disputes and while the account remained flagged as disputed, thereby perpetuating inaccurate and unverifiable information in Plaintiff's credit file and evidencing a reckless disregard for Plaintiff's rights under the *Fair Credit Reporting Act.*

### 17. Harm to Plaintiff and Resulting Damages

Defendant's unlawful collection and credit reporting conduct caused Plaintiff concrete and particularized harm, including damage to her credit reputation, interference with housing and financial opportunities, emotional distress and anxiety, and ongoing reputational injury.

Defendant's continued furnishing and re-reporting of the disputed account exacerbated these harms by maintaining inaccurate and unverifiable information in Plaintiff's credit file, thereby impairing Plaintiff's ability to obtain credit, housing, and favorable financial terms.

Defendant's conduct further caused Plaintiff to expend significant time and effort disputing inaccurate information, corresponding with Defendant and consumer reporting agencies, and preparing documentation to protect her rights, constituting additional actual damages.

### Anticipated Defenses and Procedural Deficiencies

### Rule 8 — Failure to State a Claim

Under *FRCP 8(a),* any claim, defense, or justification asserted by Defendant National Credit Systems, Inc. ("NCS") must plausibly allege facts, not boilerplate or conclusory assertions. Based on the foregoing facts, NCS cannot plausibly plead: The existence of a valid, enforceable contract between Plaintiff and NCS, a lawful assignment from Jackson Park Apartments granting NCS authority to collect, a complete chain of custody for the alleged debt, a lawful basis for

furnishing information to consumer reporting agencies, compliance with *FDCPA* validation requirements after Plaintiff's written dispute, compliance with *FCRA* reinvestigation duties after notice of dispute. Instead, Defendant's reporting and collection activity consists solely of conclusory assertions such as "amount owed" and "rental or leasing," without attaching or producing: the lease or underlying contract, any itemized damages calculation, any judgment, any admissible business records, any sworn declaration establishing foundation or personal knowledge, conclusory reporting does not satisfy factual sufficiency. Defendant's continued reporting after dispute was not a passive failure, but an affirmative act. Accordingly, Defendant's conduct fails *Rule 8* as a matter of law.

## Rule 12(b)(1) & Rule 12(b)(6) — Standing and Legal Authority

Defendant lacks statutory standing to: collect, threaten collection, or furnish credit data, because: No validated assignment was ever produced, no proof of ownership of the alleged debt exists, no admissible evidence establishes Plaintiff's liability.

Attempting to collect or report a debt without standing constitutes:

• *FDCPA §1692e (false representation of authority)*

• *FDCPA §1692f (unfair or unconscionable practices)*

• *FCRA §1681s-2(b) (failure to reasonably investigate disputed information)*

No standing equals no lawful collection equals statutory liability.

## Rule 9(b) — Fraud and Misrepresentation

Defendant's conduct triggers Rule 9(b) because it involves fraudulent and misleading representations, including: Reporting a $68,987 balance without an underlying contract misrepresenting the legal right to collect, implying enforceable liability where none has been

proven, furnishing disputed data after receiving written disputes and cease-and-desist notices, continuing reporting after acknowledging dispute status. Any attempt by Defendant to defend this conduct must plead with particularity: who calculated the amount, how the amount was calculated, what document authorizes collection, when lawful authority arose. Defendant cannot do so. Failure to plead fraud with particularity warrants dismissal or striking of defenses.

## Rule 11 — Sanctions Exposure

*Rule 11* requires: factual investigation, evidentiary support, a good-faith legal basis. Plaintiff's evidence demonstrates that Defendant: reported first and validated never, ignored certified written disputes, continued furnishing disputed data, threatened collection, relied solely on internal, self-generated records. This conduct presents clear *Rule 11* exposure.

## Rules 26 and 34 — Discovery Failures

If this action proceeds beyond the pleadings, discovery will require Defendant to produce: the original lease, an itemized damages calculation, the complete chain of assignment, a qualified business records custodian, policies governing credit reporting after dispute. Based on the existing record, Defendant does not possess admissible evidence sufficient to meet these obligations. Inability to produce admissible evidence will result in collapse of Defendant's position.

## 18. CAUSES OF ACTION

## COUNT I

*FDCPA – 15 U.S.C. § 1692g(b)*

(Failure to Cease Collection)

19. Defendant continued collection activity after receiving Plaintiff's written dispute and without providing validation.

Defendant's conduct violates *15 U.S.C. § 1692g(b)*.

## COUNT II

*FDCPA – 15 U.S.C. § 1692e and § 1692f*

(False, Deceptive, and Unfair Practices)

20. Defendant used credit reporting and threats of further action as collection pressure while the debt was disputed.

## COUNT III

*FCRA – 15 U.S.C. § 1681s-2(b)*

(Failure to Conduct Reasonable Investigation)

21. Defendant failed to conduct a reasonable investigation after notice of dispute and re-reported the account.

## COUNT IV

*FCRA – Willful Noncompliance (15 U.S.C. § 1681n)*

22. Defendant's January 25, 2026 re-reporting was willful, reckless, and in conscious disregard of Plaintiff's rights.

## V. DAMAGES

23. Plaintiff seeks:

• *FDCPA* statutory damages;

• Actual damages under the *FCRA;*

• Punitive damages for willful noncompliance;

• Costs and reasonable fees.

Total damages sought: $75,000, plus costs and statutory relief. Actual, statutory, and punitive damages in an amount to be determined at trial, believed to exceed $75,000.

## VI. PRAYER FOR RELIEF

6. Plaintiff respectfully requests that the Court:

A. Enter judgment in favor of Plaintiff;

B. Award damages in the amount of $75,000; plus costs and statutory relief

C. Order Defendant to delete the tradeline from all consumer reporting agencies;

D. Award costs and fees;

E. Grant such other relief as the Court deems just and proper.

### Notice Regarding Communications

Plaintiff hereby directs that all future communications and correspondence regarding this matter must be made in writing only and sent exclusively via email to:

**alicia.marsh1@yahoo.com.** Telephone contact is expressly refused. Any attempt to communicate by telephone or through third parties after receipt of this notice may constitute an additional violation of the *Fair Debt Collection Practices Act*, including but not limited to *15 U.S.C. §§ 1692c and 1692d.*

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: February 6, 2026

Respectfully presented,

Alicia Maria Marsh

Plaintiff, Pro Se

Queens County, New York

Marsh v. NATIONAL CREDIT SYSTEMS, Inc.

## Exhibit List

**Exhibit A – National Credit Systems collection letter dated October 15, 2025**

**Exhibit B – Plaintiff's certified dispute letter dated August 26, 2025**

**Exhibit C – USPS certified mail receipt and tracking confirmation (Aug. 26, 2025)**

**Exhibit D – Email dispute sent to legal@nationalcreditsystems.com dated August 29, 2025**

**Exhibit E – Plaintiff's certified dispute letter dated October 23, 2025**

**Exhibit F – USPS green card confirming delivery (Oct. 27, 2025)**

**Exhibit G – Equifax credit report showing initial reporting (Aug. 24, 2025)**

**Exhibit H – Equifax credit report showing continued reporting (Jan. 25, 2026)**

**Exhibit I – Plaintiff's contemporaneous notes and correspondence log**

**Marsh v. NATIONAL CREDIT SYSTEMS, Inc.**

**EXHIBIT A**

**National Credit Systems, Inc.**
**Collection Letter**
**Dated October 15, 2025**

DEPT 855    2936075125105
PO BOX 4115
CONCORD CA 94524

# National Credit Systems, Inc

**P.O. Box 672288 Marietta, GA 30006**
**Phone: (404) 629-2728**
**Toll Free: (800) 459-1539**

CHANGE SERVICE REQUESTED

ALICIA MARSH
PO BOX 1437
LONG ISLAND CITY NY 11101-0437

October 15, 2025

Client: JACKSON PARK APTS / TISHMAN SPEYER / PH1-H
Client Account Number: PH1-H
Account Number: 5810133
NCS Default Password (for website): C000D716
Balance: $68987.92

Dear ALICIA MARSH,

You have not made a suitable arrangement to resolve the above-referenced debt.

As a result, we have furnished information concerning the above-referenced debt to one or more consumer reporting agencies (credit bureaus). Adverse information contained in credit reports can make it difficult to obtain credit, rent, and/or secure favorable interest rates.

NCS will continue its collection efforts. If you do not arrange to pay the above-referenced debt, your account will be evaluated for other available recovery options, which may include a recommendation that our client proceed with involuntary collection to extent allowed by laws in your state.

If our client elects to initiate a lawsuit and obtains a court ordered judgment against you, they may pursue lawful recovery options allowed in your state, including garnishment of wages and/or bank accounts. (excluding: NC, SC, PA, TX)

However, our representatives will still work with you to resolve this debt. Please contact our office to discuss resolution of this matter. You may also submit payments by mail or at www.nationalcreditsystems.com

Sincerely,

Candace Crump
Collection Representative
404-629-2728  800-367-1050



Use QR code to gain
immediate access for payment.
www.nationalcreditsystems.com

NYC Department of Consumer Affairs license 1277208

National Credit Systems, Inc. provides the option for consumers to speak to Spanish speaking representatives. You may also visit https://www1.nyc.gov/site/dca/consumers/Glossary-of-Common-Debt-Collection-Terms.page (http://www.nyc.gov.dca) for a translation and description of commonly used debt collection terms in your preferred language.

**This communication from a debt collector is an attempt to collect a debt and any information obtained will be used for that purpose.**

ATL31-1014-2233568711-00668-668

**Marsh v. NATIONAL CREDIT SYSTEMS, Inc.**

**EXHIBIT B**

**Plaintiff's Certified Dispute Letter**
**Dated August 26, 2025**

Date: 08/26/2025
To: National Credit Systems Inc.
3750 Naturally Fresh Blvd
Atlanta, Georgia 30349-2964
CC: [Experian / TransUnion / Equifax

Re: Notice of Intent to Sue – Unlawful Credit Reporting and Debt Collection Practices

———

Dear National Credit Systems Inc,

I, Alicia Maria Marsh © ™ Trustee of the Irrevocable Living Estate Trust  provide this formal notice that your continued reporting and collection activities regarding account ending in ####33 violate federal law.

This account does not arise from any contract or transaction with me, either in my private capacity or as Trustee. Despite  disputes and demands for validation, you have failed to provide competent evidence that this alleged debt is valid, accurate, or legally collectible.


## 1A. Lack of Contract and Assignment

You have failed to provide:
- A valid, signed contract establishing any obligation between myself (or my Estate) and your company, and
- A complete chain of assignment proving you have the legal right to collect this alleged debt.

Without both, you have no standing to collect or report.
- *Spears v. Brennan*, 745 N.E.2d 862 (Ind. App. 2001) – "A debt collector must present the actual agreement creating the debt; mere recitations are insufficient."
- *Chauncey v. JDR Recovery Corp.*, 118 F.3d 516 (7th Cir. 1997) – reporting or attempting collection without validation is unlawful.
- *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993) – strict liability standard: even unintentional misrepresentation violates FDCPA.

———

**5. Damages Sought**

- **FDCPA statutory damages: up to $3,000**
- **FCRA statutory and punitive damages.**
- **Actual damages for reputational harm and emotional distress.**

----

**Notice from Trustee**

**This communication is made in my capacity as Trustee of the Estate of Alicia Maria Marsh, without prejudice and with all rights reserved under UCC 1-308.**

**Sincerely,**
**Alicia Maria Marsh © ™**
**Trustee**
**alicia.marsh1@yahoo.com**
**(212)658-0304**
**"All Rights Reserved – UCC 1-308"**

----

**Notary Acknowledgment**

**State of New York**
**County of Queens**

**On this ___ day of _____, 20, before me, the undersigned Notary Public, personally appeared Alicia Maria Marsh © ™ known to me (or satisfactorily proven) to be the person whose name is subscribed to the foregoing instrument, and acknowledged that she executed the same in her authorized capacity as Trustee of the Estate, and that by her signature on the instrument, the Trust executed the instrument.**

**IN WITNESS WHEREOF, I hereunto set my hand and official seal.**

----

**Notary Public**
**My Commission Expires: _____**

## 1. Violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 et seq.

- **§ 1692g(b): You are required to cease collection until validation is provided. You failed to produce a signed contract, chain of assignment, or itemized accounting.**
  - **Case Law:** *Spears v. Brennan*, 745 N.E.2d 862 (Ind. App. 2001).

———

## 2. Violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681 et seq.

- **§ 1681i(a)(1): Credit bureaus must conduct a reasonable reinvestigation of disputed information within 30 days.**
- **§ 1681s-2(b): As a furnisher, you must reasonably investigate disputes and delete unverifiable information.**
- **Case Law:**
  - *Cushman v. Trans Union Corp.*, 115 F.3d 220 (3d Cir. 1997).
  - *Richardson v. Fleet Bank of Mass.*, 190 F. Supp. 2d 81 (D. Mass. 2001).

———

## 3. Defamation & Negligence (State Law)

By publishing false and damaging information concerning the Trust and its Trustee, you have harmed credit standing, interfered with housing and financial opportunities, and caused emotional and reputational injury.

———

## 4. Demand for Immediate Action

You are hereby demanded to:

1. Delete the disputed account from all credit bureaus within 15 days.
2. Cease all collection activity absent full and proper validation.
3. Provide written confirmation of compliance to the Trustee.

Failure to comply will result in immediate filing of a lawsuit in the United States District Court for the [Eastern/Southern District of New York] seeking statutory, actual, and punitive damages under the FDCPA, FCRA, and state law.

———



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

9589 0710 5270 0290 0774 13

For delivery information, visit our website at *www.usps.com*.

Atlanta, GA 30349

| Certified Mail Fee | $5.30 | |
| Extra Services & Fees *(check box, add fee as appropriate)* | | |
| ☐ Return Receipt (hardcopy) | $ | $0.00 |
| ☐ Return Receipt (electronic) | $ | $0.00 |
| ☐ Certified Mail Restricted Delivery | $ | $0.00 |
| ☐ Adult Signature Required | $ | $0.00 |
| ☐ Adult Signature Restricted Delivery | $ | |
| Postage | | $0.78 |
| Total Postage and Fees | | $10.48 |

0009

CORONA A FINANCE
Postmark
Here
AUG 26 2025
08/26/2025
NY 11368

Sent To  National Credit Systems Inc.
Street and Apt. No., or PO Box No. 3750 Naturally Fresh Blvd.
City, State, ZIP+4®  Atlanta, Georgia 30347

PS Form 3800, January 2023 PSN 7530-02-000-9047   See Reverse for Instructions

**Marsh v. NATIONAL CREDIT SYSTEMS, Inc.**

**EXHIBIT C**

**USPS Certified Mail Receipt
and Tracking Confirmation
Dated August 26, 2025**

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com* .

Atlanta, GA 3034?

OFFICIAL USE

| Certified Mail Fee | $5.30 | |
| $ | $4.40 | 0009 |
| Extra Services & Fees *(check box, add fee as appropriate)* | | |
| ☐ Return Receipt (hardcopy) | $ $0.00 | |
| ☐ Return Receipt (electronic) | $ $0.00 | |
| ☐ Certified Mail Restricted Delivery | $ $0.00 | |
| ☐ Adult Signature Required | $ $0.00 | |
| ☐ Adult Signature Restricted Delivery | $ $0.00 | |
| Postage | $0.78 | |
| $ | | |
| **Total Postage and Fees** | | |
| $ $10.48 | | |

Sent To
Natural Credit Systems Inc.
Street and Apt. No., or PO Box No.
3750 Naturally Fresh Blvd.
City, State, ZIP+4®
Atlanta, Georgia 30347

PS Form 3800, January 2023 PSN 7530-02-000-9047   See Reverse for Instructions

CORONA A FINANCE
Postmark
Here
AUG 26 2025
08/28/2025
NY 11368

9589 0710 5270 0290 0774 13

**Marsh v. NATIONAL CREDIT SYSTEMS, Inc.**

**EXHIBIT D**

**Email Dispute Sent to**
legal@nationalcreditsystems.com
**Dated August 29, 2025**

From: Alicia Marsh alicia.marsh1@yahoo.com
Subject: Re: Account ID: 5810133 Account Concerns- Instuctions
Date: Aug 29, 2025 at 2:15:42 PM
To: National Credit Systems legal@nationalcreditsystems.com

Alicia Maria Marsh ©™
PO BOX 1437
Long Island City, NY [11101]

Date: 08/29/2025

Via Certified Mail, Return Receipt Requested National Credit
Systems, Inc.
P.O. Box 672288
Marietta, GA 30006

**Re: Formal Debt Dispute & Demand for Validation**
Creditor: Jackson Park Apts
NCS Account No.: 5810133
Client Account Number: PH1-H

To Whom It May Concern:

This letter serves as my **formal dispute** of the alleged debt you
claim I owe in the amount of
**$68,987.92** to Jackson Park Apartments. Pursuant to my rights
under the **Fair Debt Collection Practices Act (FDCPA), 15
U.S.C. § 1692 et seq.**, I hereby demand **strict proof and
complete validation** of this debt.

## I. Required Validation
Provide the following within 30 days of receipt:

1. Original contract/lease agreement bearing my signature.
2. Complete payment history and accounting from inception to

present, showing how the alleged balance was calculated.

3. Chain of title/assignment proving your legal right to collect (including all assignments,transfers, or sales of the debt).
4. Name and address of the original creditor and current creditor, with proof of authority to collect on their behalf.
5. Verification of furnishing to any consumer reporting agencies, including the method of verification under 15 U.S.C. § 1681i (FCRA).

## II. Legal Basis

- Under 15 U.S.C. § 1692g(b), collection must cease until validation is provided.
- Any continued reporting to credit bureaus without proper validation constitutes a violation of the  FCRA, 15 U.S.C. § 1681s-2(a).
- Courts have consistently held that unverified or inaccurate debt collection is unlawful. See:
• Jerman v. Carlisle, 559 U.S. 573 (2010) (strict liability under FDCPA).
• Clark v. Capital Credit & Collection Servs., 460 F.3d 1162 (9th Cir. 2006) (burden of proof lies with collector).
• Chauncey v. JDR Recovery Corp., 118 F.3d 516 (7th Cir. 1997) (failure to validate debt violates FDCPA).
• Iqbal v. Ashcroft, 556 U.S. 662 (2009) & Bell Atl. v. Twombly, 550 U.S. 544 (2007)(pleadings must be plausible and supported by facts — applies equally to documentation of alleged debts).

## III. Notice of Rights Reserved

- This is not an admission of liability or acceptance of the alleged debt.
- Any attempt to collect without validation will be treated as a knowing violation of the FDCPA and FCRA.
- I reserve the right to file complaints with the Consumer Financial

Protection Bureau (CFPB),New York Department of Financial Services, and to seek civil remedies including statutory damages, attorney's fees, and punitive damages.

## IV. Cease & Desist
Pending full validation, you are hereby directed to cease all collection activity, including telephone calls, emails, letters, and reporting to any consumer reporting agency.

Sincerely,

---

**Alicia Maria Marsh** ©™
"All Rights Reserved, UCC 1-308"

On Aug 29, 2025, at 1:26 PM, National Credit Systems <legal@nationalcreditsystems.com> wrote:

The attached document file(s) contain the information that you have requested.

Click the link below to discontinue future email communication.

https://www.nationalcreditsystems.com/optout.aspx?subject=ID7512983&lastname=MARSH

<20250829_5810133_CWS.PDF>

Sincerely,

---

# Alicia Maria Marsh ©™
## "All Rights Reserved, UCC 1-308"

On Aug 29, 2025, at 1:26 PM, National Credit Systems <legal@nationalcreditsystems.com> wrote:

The attached document file(s) contain the information that you have requested.

Click the link below to discontinue future email communication.

https://www.nationalcreditsystems.com/optout.aspx?subject=ID7512983&lastname=MARSH

<20250829_5810133_CWS.PDF>

✈ Found in Yahoo Sent Mailbox

From: ⭐ **Alicia Marsh** ›
To: National Credit Systems ›
August 29, 2025 at 2:17 PM

## Re: Account ID: 5810133 Account Concerns- Instuctions

**Note:** Merely providing a self-generated ledger or internal accounting record is **not sufficient proof** that I owe any debt. Only original, verifiable, and admissible evidence will be accepted as validation.

Alicia Marsh © ™

On Aug 29, 2025, at 2:15 PM, Alicia Marsh <alicia.marsh1@yahoo.com> wrote:

Alicia Maria Marsh © ™
PO BOX 1437
Long Island City, NY [11101]

Marsh v. NATIONAL CREDIT SYSTEMS, Inc.

EXHIBIT I

Plaintiff's Contemporaneous Notes
and Correspondence Log

8/26/25

① Spoke @ Vincent @ 10:49am
from National Credit Systems
very rude and nasty. I
hung up. Rec'd email
regarding acknowledgment of
debt obligation. Mailed
intent to sue violations and
case law FCRA/ FCDPA (certified

[...]to sue
[...]RA/ NYRx
[...]no response
[...]nt st
[...]Cour

(EDNY) U.S.
District Court
225 Cadman
Plaza East, BK
NY 11201
Clerk's Office

10/23/25      dated 10/22/25



(w)
ce _____ the
sec _____ to
stal _____
sta

10/23/25 Notice to National
Credit Systems inc. for
unlawful reporting 15 USC 1692g(b)
certified mail (mauld)

10/15 ✱ Included Aft of Mailing
received letter from National
Credit syster from Candace
Crump completely ignoring
my 8/26/25 letter demanding
verification of debt. Did not
return green card also called
me, sent another certified
letter citing FCRA/FCDPA
violations will notify CFPB,
FTC/OCC/AG

10/23/25   2 certified to National
Recovery systems   Violations
FCRA / FCDPA



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

Marietta, GA 30006

Certified Mail Fee  $5.30

$ _____ $4.40

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $ _____ $0.00
☐ Return Receipt (electronic)      $ _____ $0.00
☐ Certified Mail Restricted Delivery  $ _____ $0.00
☐ Adult Signature Required          $ _____ $0.00
☐ Adult Signature Restricted Delivery $ _____

Postage
$0.78

Total Postage and Fees
$ $10.48

Postmark Here

Sent To  National Credit Systems, Inc.
Street and Apt. No., or PO Box No.  P.O. Box 672288
City, State, ZIP+4®  Marietta, GA 30006

PS Form 3800, January 2023 PSN 7530-02-000-9047   See Reverse for Instructions

74  0280  0785  5270  5270  0710  9589



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

Marietta, GA 30006

Certified Mail Fee  $5.30

$ _____ $4.40

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $ _____ $0.00
☐ Return Receipt (electronic)      $ _____ $0.00
☐ Certified Mail Restricted Delivery  $ _____ $0.00
☐ Adult Signature Required          $ _____ $0.00
☐ Adult Signature Restricted Delivery $ _____

Postage
$0.78

Total Postage and Fees
$ $10.48

Postmark Here

OCT 23 2025

Sent To  National Credit Systems, Inc.
Street and Apt. No., or PO Box No.  P.O. Box 672288
City, State, ZIP+4®  Marietta, GA 30006

PS Form 3800, January 2023 PSN 7530-02-000-9047   See Reverse for Instructions

01  2859  2040  5270  0710  9589

Marsh v. NATIONAL CREDIT SYSTEMS, Inc.

EXHIBIT H

**Equifax Credit Report**
**Showing Continued Reporting**
**Dated January 25, 2026**

# Your Equifax credit report

As of **January 30, 2026**

**Credit Report date**

| Equifax - January 30, 2026 ⌄ |
|---|

# Collections
### Report Date: Jan 30, 2026

Collections are accounts with outstanding debt that have been placed by a creditor with a collection agency. Collections stay on your credit report for up to 7 years from the date the account first became past due. They generally have a negative impact on your credit scores.

 
...port that you believe is incomplete or inaccurate, you can **file a dispute**.

## Date Reported: Jan 25, 2026

| | |
|---|---|
| **Collection Agency** | NATIONAL CREDIT SYSTEMS INC |
| **Original Creditor Name** | JACKSON PARK APTS |
| **Date Assigned** | Apr 09, 2025 |
| **Original Amount Owed** | $68,987 |
| **Amount** | $68,987 |
| **Status Date** | Jan 25, 2026 |
| **Status** | UNPAID |
| **Balance Date** | Jan 25, 2026 |
| **Account Designator Code** | INDIVIDUAL_ACCOUNT |
| **Account Number** | #####33 |
| **Creditor Classification** | RENTAL_OR_LEASING |
| **Last Payment Date** | |
| **Date of First Delinquency** | Apr 24, 2024 |

**Comments**

CONSUMER DISPUTES THIS ACCOUNT INFORMATION

**Contact**

NATIONAL CREDIT SYSTEMS INC
3750 NATURALLY FRESH BLVD
Atlanta
GA
30349-2964
(678) 244-2841

Marsh v. NATIONAL CREDIT SYSTEMS, Inc.

**EXHIBIT G**

**Equifax Credit Report**
**Showing Initial Reporting**
**Dated August 24, 2025**

# Your Equifax credit report

### As of **January 30, 2026**

**Credit Report date**

Equifax - August 26, 2025 ⌄

# Collections
### Report Date: Aug 26, 2025

...have been placed by a creditor with a collection agency. Collections stay on your credit report for up to 7 years from the date the account first became past due. They generally have a negative impact on your credit scores.

> If you find information in your credit report that you believe is incomplete or inaccurate, you can **file a dispute**.

## Date Reported: Aug 24, 2025

| | |
|---|---|
| **Collection Agency** | NATIONAL CREDIT SYSTEMS INC |
| **Original Creditor Name** | JACKSON PARK APTS |
| **Date Assigned** | Apr 09, 2025 |
| **Original Amount Owed** | $68,987 |
| **Amount** | $68,987 |
| **Status Date** | Aug 24, 2025 |
| **Status** | UNPAID |
| **Balance Date** | Aug 24, 2025 |
| **Account Designator Code** | INDIVIDUAL_ACCOUNT |
| **Account Number** | #####33 |
| **Creditor Classification** | RENTAL_OR_LEASING |
| **Last Payment Date** | |
| **Date of First Delinquency** | Apr 24, 2024 |



**Comments**

CONSUMER DISPUTES THIS ACCOUNT INFORMATION

**Contact**

NATIONAL CREDIT SYSTEMS INC
3750 NATURALLY FRESH BLVD
Atlanta
GA
30349-2964
(678) 244-2841

Marsh v. NATIONAL CREDIT SYSTEMS, Inc.


EXHIBIT F

USPS Green Card
Confirming Delivery
Dated October 27, 2025

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                            ☐ Addressee

B. Received by (Printed Name)        C. Date of Delivery

1. Article Addressed to:

National Credit Systems, Inc

Attn: Ms Crump

P.O. Box 672288

Marietta, GA 30006

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

RECEIVED

OCT 27 2025

BY: ................

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

9590 9402 8402 3156 8218 86

2. Article Number (Transfer from service label)

9589 0710 5270 2040 2859 01

3. Service Type
☑ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053                  Domestic Return Receipt

Marsh v. NATIONAL CREDIT SYSTEMS, Inc.


**EXHIBIT E**

**Plaintiff's Certified Dispute Letter**
**Dated October 23, 2025**

# NOTICE OF CONTINUED COLLECTION AND UNLAWFUL REPORTING IN VIOLATION OF 15 U.S.C. §1692g(b)

To:

National Credit Systems, Inc.

P.O. Box 672288

Marietta, GA 30006


CC:

NYC Department of Consumer and Worker Protection (License #1277208)

Consumer Financial Protection Bureau (CFPB)

Federal Trade Commission (FTC)


From:

Alicia Maria Marsh ©™

C/O P.O. Box 1437

Long Island City, New York 11101


Date: October 23, 2025


Re:

Client: Jackson Park Apartments / Tishman Speyer

Client Account No.: PH1-H

NCS Account No.: 5810133

Balance Alleged: $68,987.92

# 1. NOTICE OF VIOLATION AND CONTINUED COLLECTION ACTIVITY

This serves as formal notice that your agency has continued to collect, report, and communicate concerning the above-referenced account after receiving my prior written dispute and request for validation.

Under 15 U.S.C. §1692g(b), a debt collector must cease all collection activity — including letters, calls, lawsuits, and credit reporting — until it has mailed proper validation of the debt to the consumer.

Despite your legal obligation, your office issued further collection correspondence dated October 15, 2025, and you or your agents appear to have furnished or updated information with one or more consumer reporting agencies, constituting continued unlawful communication.

# 2. REPORTING IS COMMUNICATION UNDER 15 U.S.C. §1692a(2)

The FDCPA defines "communication" as:

**"The conveying of information regarding a debt directly or indirectly to any person through any medium."**

Reporting or furnishing data to a credit bureau is a form of communication under §1692a(2). Courts have consistently held that credit reporting is part of a collector's efforts to pressure payment and therefore a collection activity.

Relevant case law includes:

- Brady v. Credit Recovery Co., Inc., 160 F.3d 64 (1st Cir. 1998) – Reporting a debt is a powerful collection tool and therefore constitutes collection activity.
- Edeh v. Midland Credit Mgmt., Inc., 748 F. Supp. 2d 1030 (D. Minn. 2010) – Reporting disputed debt without validation violates §1692g(b).

Therefore, your continued reporting constitutes unlawful communication and collection in violation of §§1692a(2), 1692e(8), and 1692g(b).

---

## 3. DEMAND FOR FULL DEBT VALIDATION AND PROOF OF ASSIGNMENT

You are hereby directed to produce the following mandatory documentation:

1. Validation of the alleged debt including:
   - The original lease agreement;
   - A complete itemized accounting ledger; and
   - All charges, fees, and calculations showing how the amount was derived.
2. Proof of Assignment or Authority to collect:
   - A true and complete copy of the assignment, transfer, or agency agreement between Tishman Speyer / Jackson Park Apartments and National Credit Systems, Inc.;
   - The date and scope of such assignment; and
   - Evidence that the alleged creditor has authorized you to report or collect under their name.
3. Notice of Furnishing:
   - Identification of all credit reporting agencies where you have reported or updated this account; and
   - The date and substance of each such report or update.

Until full validation and assignment proof are received, you must immediately cease all collection activity and remove all tradelines from any consumer reporting agency under your control or influence.

---

## 4. PRESERVATION NOTICE AND LEGAL WARNING

All future correspondence must be made in writing only to the address above.

Unlawful collection activity may result in administrative complaints and civil action under 15 U.S.C. §§1692k and 1681n, and relevant New York consumer statutes.

---

All rights reserved — without prejudice

By: *Alicia Maria Marsh* ©™

Alicia Maria Marsh ©™

Private Woman / Beneficiary / Copyright Holder

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Alicia Maria Marsh

**DEFENDANTS**
NATIONAL CREDIT SYSTEMS, Inc..

**(b)** County of Residence of First Listed Plaintiff    Queens County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Cobb County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☒ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. § 1692 et seq. (FDCPA); 15 U.S.C. § 1681s-2(b), §1681n (FCRA)
Brief description of cause:
Violations of the Fair Debt Collections Practices Act and Fair Credit Reporting Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $** $75,000+
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE _____    SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

Print    Save As    Reset



Alicia Marsh
PO Box 1437
Long Is. City, NY 11101



MID-ISLAND NY 117
23 OCT 2025 PM 4 L

9589 0710 5270 0785 0280 74

1775



US forever

JOHN LEWIS

National Credit Systems, INC.
P.O. Box 672288          **Retail**
Marietta, GA 30006
Attn:

NIXIE          100     DE 1          0110/31/25

Legal documents enclosed
.. 9400921683303340

RETURN TO SENDER
UNDELIVERABLE AS ADDRESSED
UNABLE TO FORWARD

U.S. POSTAGE PA
FCM LETTER
CORONA, NY 1136
23, 2025

.70

BC:  11101043737     *1683-02609-31-23
|ılı.|ıılıılıl||ılıılıılıl||ılılıılıl|ılılı|ılılıl|

11101>0437
11366-99

K500479-4

AL


CERTIFIED MAIL
PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Nation Credit Systems, Inc
P.O. Box 672288
Marietta, GA 30006
Attn: Ms. Crump

9590 9402 8402 3156 8221 28

2. Article Number (Transfer from service label)

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☐ Agent
☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:          ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
   ☐ ... Mail
   ☐ ...Mail Restricted Delivery
      ...0)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

Legal documents enclosed



USPS TRACKING #



9590 9402 8402 3156 8221 28



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States
Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•



Alicia Marsh
PO Box 1437
Long Is. City, NY 11101